|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | PRIORITY SEND<br>JS-6 |

CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 11-7407-JFW (FFMx)** | Date: November 1, 2011 |
| Title: | Mark Miller -v- Aurora Loan Services, LLC, et al. | |

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Shannon Reilly<br>Courtroom Deputy | None Present<br>Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:**<br>None | **ATTORNEYS PRESENT FOR DEFENDANTS:**<br>None |

| | |
|---|---|
| **PROCEEDINGS (IN CHAMBERS):** | ORDER REMANDING ACTION TO VENTURA COUNTY SUPERIOR COURT |

On August 9, 2011, Plaintiff Mark Miller ("Plaintiff") filed a Complaint in Ventura County Superior Court. On September 8, 2011, Defendants Aurora Loan Services LLC and Aurora Bank FSB (collectively "Defendants") filed a Notice of Removal of Action to Federal Court ("Notice of Removal"). Defendants assert that federal jurisdiction exists on the basis of a federal question. See 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999); *see, also, Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) ("The defendant also has the burden of showing that it has complied with the procedural requirements for removal."). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Id.* Thus, a plaintiff is generally the "master of the claim." *Id.* There is no federal question jurisdiction simply because there is a federal defense to the claim. *Id.* The only exception to this rule is where

plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. *Sullivan v. First Affiliated Sec., Inc.*, 813 F. 2d 1368, 1372 (9th Cir. 1987).

"Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). The "well-pleaded complaint" rule "severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court." *Id.* at 9-10. A case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law." *Id.* at 9. "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005).

The absence of a federal cause of action is a relevant factor to be considered in assessing whether a federal issue is substantial. *Id.* at 318; *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 811-12 (1986). Merely using the potential violation of a federal statute to form part of the basis for a state law cause of action does not transform the cause of action into a federal claim. *Merrell Dow*, 478 U.S. at 811-12. Such references to federal violations to support state law causes of action do not support federal jurisdiction:

> One only needed to consider the treatment of federal violations generally in garden variety state tort law. . . . A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts. Expressing concern over the "increased volume of federal litigation," and noting the importance of adhering to "legislative intent," Merrell Dow thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law "solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence] . . . under state law."

*Grable & Sons*, 545 U.S. at 318-19 (alterations in original) (*quoting Merrell Dow*, 478 U.S. at 811-12).

In many situations, where the violation of a federal statute is one of several independent allegations supporting a state law cause of action, courts have determined that the state law cause of action does not "necessarily turn" on the construction of the federal statute. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345-46 (9th Cir. 1996); *see, also, id.* at 346 ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.").

In this case, Defendants allege in their Notice of Removal that federal question jurisdiction exists because Plaintiffs' Complaint requires interpretation of federal law, specifically the Real

Estate Settlement Procedures Act ("RESPA").  However, none of the causes of action alleged in the Complaint assert a claim for violations of RESPA.  Instead, the Complaint alleges state law causes of action for, among others, accounting, wrongful foreclosure, and violation of California Business & Professions Code § 17200.  Although the accounting cause of action mentions alleged violations of RESPA, those violations form only part of the basis for the accounting cause of action. Therefore, the Complaint does not "necessarily turn" on or otherwise present a substantial federal issue.  See Ortega v. Homeq Servicing, 2010 WL 383368, at *7-8 (C.D. Cal. Jan. 25, 2010) (concluding that the defendant failed to demonstrate that the plaintiff's fraud claim necessarily raises substantial and disputed questions under TILA).

    For all of the foregoing reasons, Defendants have failed to meet their burden to demonstrate the Court's subject matter jurisdiction.  Accordingly, the Court **REMANDS** this action to Ventura County Superior Court.  See, 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.